■ In the Matter of MARIE HEEG, Appellant, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Appeal unanimously dismissed, without costs. Memorandum: Petitioner, a recipient of financial assistance under aid to families with dependent children, was threatened with a utility shutoff. She requested an emergency grant of $86.95 pursuant to section 350-j of the Social Services Law from the Monroe County Department of Social Services. This was denied, but the department offered her a grant pursuant to a new department regulation (18 NYCRR 352.7 [g] [5]) which would have required her to repay the grant out of her regular monthly grants over the following six months. Since petitioner believed that she was entitled to an absolute grant she refused the offer and commenced this article 78 proceeding by an order to show cause. On the return date the department requested an adjournment in order to serve objections in point of law. A Supreme Court Justice granted the adjournment, but also ordered that petitioner be paid $86.95 to forestall the shutoff of her utilities, with the proviso that if she were not to prevail upon this action the respondent department would be entitled to recoup the funds. Subsequently, the respondents submitted their objections in point of law, and after a hearing upon them another Supreme Court

Justice dismissed the petition for failure to exhaust administrative remedies. Petitioner both appealed this decision and initiated administrative review of the department's refusal to issue to her a grant under section 350-j of the Social Services Law. The Commissioner of Social Services in a decision dated February 27, 1975 after a fair hearing, found that the department was not entitled to recoupment under 18 NYCRR 352.7 (g) (5) because petitioner's application was made when she was living at an address different from the one where she incurred the bills. The decision also stated that the issue of whether petitioner was entitled to payment under section 350-j of the Social Services Law was resolved by the department's payment of $86.95 to petitioner. Consequently, the commissioner found that petitioner was entitled to an emergency grant pursuant to section 350-j of the Social Services Law. The appeal is now moot. (Appeal from judgment of Monroe Special Term in article 78 proceeding to obtain emergency assistance.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.